1 | WILLIAM BLUMENTHAL
General Counsel
2 | Mona Sedky Spivack, DC #447968
Colleen B. Robbins, NY #2882710
3 | J. Ronald Brooke, Jr., MD #0202280002
Federal Trade Commission
4 | 600 Pennsylvania Ave., NW, Room 238
Washington, DC. 20580
5 | (202) 326-3795, -2548, -3484
(202) 326-3395 *facsimile*
6 | Attorneys for Plaintiff

7 | Anthony J. Dain, CA#98947
Frederick Taylor, CA#159838
8 | Procopio, Cory, Hargreaves & Savitch, LLP
530 B Street, Suite 2100
9 | San Diego, CA 92101
(619) 238-1900
10 | (619) 235-0398 *facsimile*
Attorneys for Defendants Enternet Media, Inc.,
11 | Conspy & Co., Inc., Lida Rohbani, Nima Hakimi,
and Baback (Babak) Hakimi



FILED - WESTERN DIVISION
CLERK. U.S. DISTRICT COURT

AUG 2 3 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

12 |
13 | UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
14 |
15 | FEDERAL TRADE COMMISSION,

Plaintiff,
16 |
v.
17 | Enternet Media, Inc., Conspy & Co.,
Inc., Lida Rohbani, Nima Hakimi,
18 | Baback (Babak) Hakimi, Nicholas C.
Albert
19 |
Defendants.
20 |

CIVIL NO. CV 05-7777- CAS
AJWx

Stipulated Final Order for
Permanent Injunction and
Monetary Judgment As To
Defendants Enternet Media,
Inc., Conspy & Co., Inc., Lida
Rohbani, Nima Hakimi, and
Baback (Babak) Hakimi

21 |
22 |
23 | Plaintiff, the Federal Trade Commission ("FTC" or the "Commission"), filed its
24 | complaint against defendants Enternet Media, Inc.; Conspy & Co., Inc.; Lida
25 | Rohbani, individually and as an officer of Enternet Media, Inc. and Conspy & Co.,
26 | Inc.; Nima Hakimi, individually and as an officer of Enternet Media, Inc. and
27 | Conspy & Co., Inc.; and Baback (Babak) Hakimi, individually, doing business as
28 | Networld One, and as an officer of Enternet Media, Inc. and Conspy & Co., Inc.,



DOCKETED ON CM

AUG 2 9 2006

BS            010

131

SCANNED

1  and Nicholas C. Albert for injunctive and other equitable relief in this matter

2  pursuant to Sections 5 and 13(b) of the Federal Trade Commission Act ("FTC

3  Act"), 15 U.S.C. §§ 45(a), 53(b), on November 1, 2005.  The Court ordered an *ex*

4  *parte* Temporary Restraining Order on November 1 and 2nd, 2005, and a

5  Preliminary Injunction was entered on November 30, 2005.  The Commission and

6  defendants Enternet Media, Inc., Conspy & Co., Inc., Lida Rohbani, Nima Hakimi,

7  and Baback (Babak) Hakimi ("defendants"), by and through their counsel, hereby

8  stipulate to the entry of, and request the Court to enter, this Stipulated Final Order

9  for Preliminary Injunction and Monetary Judgment as to Defendants Enternet

10  Media, Inc., Conspy & Co., Inc., Lida Rohbani, Nima Hakimi, and Baback

11  (Babak) Hakimi ("Order"), to resolve all matters of dispute between them in this

12  action.

13  **IT IS THEREFORE STIPULATED, AGREED, AND ORDERED** as

14  follows:

15      1.  This Court has jurisdiction over the subject matter of this case, and it

16         has jurisdiction of all parties hereto pursuant to 15 U.S.C. §§ 45(a),

17         53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345;

18      2.  Venue is proper as to all parties in the Central District of California

19         pursuant to 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c);

20      3.  The defendants' activities are in or affecting "commerce" as that term is

21         defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

22      4.  The facts that the FTC has stated in its complaint, if true, would state a

23         claim upon which relief may be granted under Sections 5(a) and 13(b) of

24         the FTC Act, 15 U.S.C. §§ 45(a) and 53(b);

25      5.  The defendants have entered into this Order freely and without coercion,

26         and the defendants acknowledge that they have read the provisions of

27         this Order and are prepared to abide by them;

28      6.  The undersigned, individually and by and through their counsel, have

agreed that the entry of this Order resolves all matters of dispute between them arising from the Complaint in this action, up to the date of entry of this Order. This Order, however, shall have no preclusive effect as to any action brought by any other state or federal law enforcement agency;

7. The defendants waive all rights to seek appellate review or otherwise challenge or contest the validity of this Order. The defendants further waive and release any claim they may have against the Commission, its employees, representatives, or agents;

8. The defendants agree that this Order does not entitle the defendants to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996), and the defendants further waive any rights to attorneys' fees that may arise under said provision of law;

9. This order is remedial in nature and no portion of any payments paid herein shall be deemed or construed as payment of a fine, damages, penalty or punitive assessment; and

10. Entry of this Order is in the public interest.

## ORDER

### DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

A. **"Assets"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property of any Corporate defendant or Individual defendant, or held for the benefit of any Corporate defendant or Individual defendant, wherever located, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, inventory, checks, notes, accounts, credits, receivables (as those terms

are defined in the Uniform Commercial Code), cash, and trusts,
including but not limited to any other trust held for the benefit of any
Corporate defendant or Individual defendant, any Individual defendant's
minor children, or any Individual defendant's spouse.

B. **"Bar," "Frame" or "Window"** means an enclosed area on a
computer's computer screen, usually rectangular in shape.

C. **"Corporate defendants"** means Enternet Media, Inc., Conspy & Co.,
Inc., and their successors, assigns, affiliates, or subsidiaries.

D. **"Defendants"** means defendants Enternet Media, Inc., Conspy & Co.,
Inc., Lida Rohbani (aka Lida Hakimi and Linda Hakimi), Nima Hakimi,
and Baback (Babak) Hakimi (aka Bobby Rohbani), and their successors
and assigns.

E. **"Dialer program"** means any computer program that causes a
computer's modem to make telephone calls or access services.

F. **"Document"** is synonymous in meaning and equal in scope to the usage
of the term in the Federal Rules of Civil Procedure 34(a), and includes
writing, drawings, graphs, charts, Internet sites, Web pages, Web sites,
electronic correspondence, including e-mail and instant messages,
photographs, audio and video recordings, contracts, accounting data,
advertisements (including, but not limited to, advertisements placed on
the World Wide Web), FTP Logs, Server Access Logs, USENET
Newsgroup postings, World Wide Web pages, books, written or printed
records, handwritten notes, telephone logs, telephone scripts, receipt
books, ledgers, personal and business canceled checks and check
registers, bank statements, appointment books, computer records, and
other data compilations from which information can be obtained and
translated. A draft or non-identical copy is a separate document within
the meaning of the term.

G. **"Individual defendants"** means Lida Rohbani, aka Lida Hakimi and Linda Hakimi, Nima Hakimi, Baback (Babak) Hakimi, aka Bobby Rohbani, individually and through any d/b/a.

H. **"Plaintiff"** means the Federal Trade Commission.

## CONDUCT PROHIBITIONS

### I.

**IT IS THEREFORE ORDERED** that, in connection with marketing, publishing, or distributing any type of software code, file, or content, or assisting and facilitating others in marketing, publishing, or distributing any type of software code, file, or content, the defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from directly or indirectly making, expressly or by implication, any material false or misleading representation, including but not limited to, any representation:

A. regarding the nature or effect of the software code, file, or content, such as any representation that it is innocuous software code, file, or content, such as Internet browser upgrade or other computer security software, music, song lyric, or cell phone ring tone;

B. regarding the performance, benefits, efficacy, or features of the software code, file, or content; or

C. regarding the actual cost, or "free" nature, associated with the software code, file, or content.

### II.

**IT IS FURTHER ORDERED** that, in connection with marketing, publishing, or distributing any software code, file, or content, or assisting and facilitating others in marketing or distributing any software code, file, or content, the defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are

permanently restrained and enjoined from, directly or indirectly, publishing, disseminating, distributing, installing, or downloading any software code, file, or content that interferes with a consumer's computer use, including but not limited to any software code, file, or content that:

    A.    tracks consumers' Internet activity or collects other personal information;

    B.    changes consumers' preferred Internet homepage or other browser settings;

    C.    inserts a new toolbar onto consumers' Internet browsers;

    D.    inserts a new bar, frame or window onto consumers' browser windows that in turn displays advertisements;

    E.    displays numerous "pop up" advertisements on consumers' computer screens during a single computer session, even when consumers' Internet browsers are closed;

    F.    installs a dialer program on consumers' computers;

    G.    changes a user's "error" page or DNS page;

    H.    inserts advertising hyperlinks into third-party webpages; or

    I.    installs other advertising software code, file, or content on consumers' computers.

### III.

**IT IS FURTHER ORDERED** that, in connection with marketing, publishing, or distributing any software code, file, or content, the defendants and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from providing others with the means and instrumentalities with which to do the following:

    A.    to make, directly or indirectly, expressly or by implication, any material false or misleading representation, including but not limited

to any representation:

1.     regarding the nature or effect of the software code, file, or content, such as any representation that it is innocuous software code, file, or content, such as Internet browser upgrade or other computer security software, music, song lyric, or cell phone ring tone;

2.     regarding the performance, benefits, efficacy, or features of the software code, file, or content; or

3.     regarding the actual cost, or "free" nature, associated with the software code, file, or content.

B.     to publish, disseminate, distribute, install, or download any software code, file, or content that interferes with consumers' computer use, including but not limited to any software code, file, or content that:

1.     tracks consumers' Internet activity or collects other personal information;

2.     changes consumers' preferred Internet homepage or other browser settings;

3.     inserts a new toolbar onto consumers' Internet browsers;

4.     inserts a large side "frame" or "window" onto consumers' browser windows that in turn displays advertisements;

5.     displays numerous "pop up" advertisements on consumers' computer screens during a single computer session, even when consumers' Internet browsers are closed;

6.     installs a dialer program on consumers' computers;

7.     changes a user's "error" page or DNS pages;

8.     inserts advertising hyperlinks into third-party webpages; or

9.     installs other advertising software code, file, or content on consumers' computers.

**IV.**

**IT IS FURTHER ORDERED** that, in connection with distributing or advertising, promoting, marketing, offering for sale or license, or selling or licensing, any product or service, the defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from making, or assisting others in making, directly or indirectly, expressly or by implication, any material false or misleading representation.

**MONETARY JUDGMENT**

**V.**

**IT IS FURTHER ORDERED** that:

A.  Judgment in the amount of $8,500,000.00 (eight million, five hundred thousand) is hereby entered jointly and severally against the defendants.

B.  This judgment shall be suspended, except for the amount of $2,045,000 (two million, forty-five thousand), which shall be paid by the defendants, as set forth below in Subparagraphs 1-3, to the FTC, the State of California, and the United States Internal Revenue Service/United States Treasury/State of California, from frozen assets as listed in **Attachment A**, and approximately $140,000 (one hundred forty thousand) in undeposited business checks made payable to the defendants and $30,000 (thirty thousand) in unsuccessful business wire transfers to the defendants' frozen accounts, all of which shall be relinquished and turned over to the FTC pursuant to Subparagraph 4. As set forth below, of the $2,045,000 (two million, forty-five thousand), $1,615,000 (one million, six hundred fifteen thousand) shall be paid to the FTC pursuant to Subparagraph 1; $250,000 (two hundred fifty thousand) shall be placed in an escrow/trust account

SCANNED

pursuant to Subparagraph 2; and $180,000 (one hundred eighty thousand) shall be placed in an escrow/trust account pursuant to Subparagraph 3.

1.   Within five (5) days after the date of entry of this Order, $1,615,000 (one million, six hundred fifteen thousand) shall be paid to the Federal Trade Commission by wire transfer in accord with directions provided by the Commission.

2.   After payment to the FTC as set forth in Subparagraph 1, within ten (10) days after the date of entry of this Order, the defendants shall deposit $250,000 (two hundred fifty thousand) into an interest-bearing escrow account and/or interest-bearing trust account of Procopio, Cory, Hargreaves & Savitch, LLP, for the purpose of settling the civil and criminal actions brought against the defendants by the City Attorney's Office of Los Angeles.  The sole signatory on the account shall be Anthony J. Dain, the Escrow Agent, and access to the deposits held in the account shall be solely through the Escrow Agent. No later than 180 days after entry of this Order, all monies held in the escrow/trust account shall be paid to the Commission, *provided however*, that the amount held in escrow/trust and to be paid to the Commission pursuant to this subpart shall be reduced by the lesser of $250,000 (two hundred fifty thousand) or the amount paid by the defendants to the City Attorney's Office of Los Angeles, in settlement of the civil action entitled The People of the State of California v. Enternet Media, Inc., et al. (BC343197), an action brought against the defendants on behalf of the State of California for violations of the California Business and Professions Code arising out of the same conduct

SCANNED

at issue in the Commission's action against the defendants. Any and all criminal fines associated with criminal action brought against the defendants by the City Attorney's Office of Los Angeles shall be payable from this amount.

3.   After payment to the FTC as set forth in Subparagraph 1, within ten (10) days after the date of entry of this Order, the defendants shall deposit $180,000 (one hundred eighty thousand) into an interest-bearing escrow account and/or interest-bearing trust account of Procopio, Cory, Hargreaves & Savitch, LLP, for the purpose of paying estimated federal and state personal and business income taxes due and owing to the Internal Revenue Service/United States Treasury/State of California as required by law for the year 2005. The sole signatory on the account shall be Anthony J. Dain, the Escrow Agent, and access to the deposits held in the account shall be solely through the Escrow Agent. Within 5 (five) days of any payments and no later than 60 days after entry of this Order, the defendants shall provide written proof to the Federal Trade Commission of all payments from this account to the Internal Revenue Service/United States Treasury/State of California, including copies of cancelled checks and tax returns, in satisfaction of the defendants' tax obligations. The defendants may not seek to have a credit or refund of any taxes paid for tax year 2005. However, if the defendants otherwise obtain a credit or refund of any taxes paid for tax year 2005 in connection with any tax return filed for tax year 2005 or any year after 2005, the defendants shall promptly pay the FTC the amount of such credit or refund, together with any interest the

1   defendants have earned in connection with any such credit or
2   refund.
3   4.   Within five (5) days after the date of entry of this Order, the
4   defendants shall turn over to the FTC and relinquish all rights
5   and claims to all undeposited business checks made payable to
6   the defendants that were received after the entry of the
7   Temporary Restraining Order entered on November 1, 2005,
8   and shall relinquish all rights and claims to all unsuccessful
9   business wire transfers to the defendants' frozen accounts that
10   were attempted after the entry of the Temporary Restraining
11   Order entered on November 1, 2005.
12   C.   All funds paid to the Federal Trade Commission  pursuant to the
13   Order shall be deposited into an account administered by the
14   Commission or its agent to be used for equitable relief, including but
15   not limited to consumer redress, and any attendant expenses for the
16   administration of such equitable relief.  In the event that direct redress
17   to consumers is wholly or partially impracticable or funds remain
18   after redress is completed, the Commission may apply any remaining
19   funds for such other equitable relief (including consumer information
20   remedies) as it determines to be reasonably related to the defendants'
21   practices alleged in the complaint.  Any funds not used for such
22   equitable relief shall be deposited to the United States Treasury as
23   disgorgement.  The defendants shall have no right to challenge the
24   Commission's choice of remedies under this Paragraph.  The
25   defendants shall have no right to contest the manner of distribution
26   chosen by the Commission.
27   D.   The defendants relinquish all dominion, control and title to the funds
28   paid into the account established pursuant to this Order, and all legal

SCANNED

and equitable title to funds shall vest in the Treasurer of the United States unless and until such funds are disbursed to consumers. The defendants shall make no claim to or demand for the return of funds, directly or indirectly, through counsel or otherwise; and in the event of bankruptcy of any defendant, the defendants acknowledge that the funds are not part of the debtor's estate, nor does the estate have any claim or interest therein.

E.    The Commission's agreement to this Order is expressly premised upon the truthfulness, accuracy and completeness of the defendants' sworn financial statements and supporting documents submitted to the Commission on or about November 11, 2005, as well as all subsequent addenda thereto, all of which the defendants stipulate are truthful, accurate, and complete.   Defendants and the Commission stipulate that these financial disclosures provide the basis for the assets listed in **Attachment A** to this Order and include material information upon which the Commission relied in negotiating and agreeing to this Order.   The defendants and the Commission stipulate that the Commission has relied on the truthfulness, accuracy, and completeness of these financial disclosures in agreeing to the terms of this Order and that the Commission would not have entered into this Order but for the truthfulness, accuracy, and completeness of these financial disclosures.

F.    If, upon motion by the Commission, this Court finds that the defendants have failed to disclose any material asset or materially misstated the value of any asset in the financial statement and related documents described above, or has made any other material misstatement or omission in the financial statements and related documents described above, then this Order shall be reopened and

SCANNED

suspension of the judgment shall be lifted for the purpose of requiring payment of monetary relief in the amount of the judgment set forth in Subparagraph A of this Paragraph, less the sum of any amounts paid to the Commission pursuant to Subparagraph B of this Paragraph. *Provided, however*, that in all other respects this Order shall remain in full force and effect, unless otherwise ordered by the Court.

G.    Upon such reinstatement of the monetary judgement, the Court shall make an express determination that the monetary judgment shall be immediately due and payable.  The Commission shall be entitled to interest on the judgment, computed from the day of entry of this Order, at the rate prescribed by 18 U.S.C. § 1961, as amended.  The Commission shall be permitted to execute on the judgment immediately after the suspension is lifted and engage in discovery in aid of execution.

H.    The defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true for the purpose of a nondischargeability complaint in any bankruptcy proceeding.

I.    Proceedings instituted under this Paragraph are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## LIFTING OF ASSET FREEZE

## VI.

**IT IS FURTHER ORDERED** that the freeze against the assets of the defendants pursuant to Paragraph VI of the Preliminary Injunction Order entered by this Court on November 30, 2005, ("Preliminary Injunction"), shall be lifted for the sole purpose of transferring funds to the FTC pursuant to **Paragraph V** of this Final Order, and shall be dissolved upon transfer of all such funds.

# COMPLIANCE MONITORING

## VII.

**IT IS FURTHER ORDERED** that, for purposes of monitoring and investigating compliance with any provision of this Order,

A.  Within ten (10) days of receipt of written notice from a representative of the Commission, defendants Enternet Media, Inc., Conspy & Co., Inc., Lida Rohbani, Nima Hakimi, and Baback (Babak) Hakimi each shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such defendant's possession or direct or indirect control to inspect the business operation;

B.  In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

1.  obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

2.  posing as consumers and suppliers to defendants Enternet Media, Inc., Conspy & Co., Inc., Lida Rohbani, Nima Hakimi, and Baback (Babak) Hakimi's employees, or any other entity managed or controlled in whole or in part by the defendants, without the necessity of identification or prior notice; and

C.  Defendants Enternet Media, Inc., Conspy & Co., Inc., Lida Rohbani, Nima Hakimi, and Baback (Babak) Hakimi shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any

1    conduct subject to this Order.  The person interviewed may have
2    counsel present.

3    ***Provided, however,*** that nothing in this Order shall limit the Commission's
4  lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act,
5  15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things,
6  testimony, or information relevant to unfair or deceptive acts or practices in or
7  affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

8                    **MONITORING BY DEFENDANTS**
9                             **VIII.**

10    **IT IS FURTHER ORDERED** that, for a period of eight (8) years from the
11  date of entry of this Order, defendants, and their officers, agents, directors,
12  employees, salespersons, independent contractors, subsidiaries, affiliates,
13  successors, assigns, and all other persons in active concert or participation with
14  any of them who receive actual notice of this Order by personal service or
15  otherwise, in connection with the advertising, promotion, marketing, offering for
16  sale, sale, or provision of any goods or services on or through the Internet, the
17  World Wide Web, or any web page or web site, are hereby permanently restrained
18  and enjoined from failing to:

19    A.    Obtain contact information from any prospective participant in any
20          affiliate program.  In the case of a natural person, defendants shall
21          obtain the prospective participant's first and last name, physical
22          address, country, telephone number, e-mail address, date of birth, and
23          complete bank account information as to where payments are to be
24          made.  In the case of other business entities, the defendants shall
25          obtain the first and last name, physical address, country, telephone
26          number, e-mail address, date of birth for the natural person who
27          owns, manages, or controls the prospective participant, and complete
28          bank account information as to where payments are to be made.

Page 15 of 23

SCANNED

B.   Prior to any such prospective participant's acceptance into any affiliate program, (1) provide each such person a copy of this Order; (2) obtain from each such person a signed and dated statement acknowledging receipt of this Order and expressly agreeing to comply with this Order.  Any electronic signature requirements of the Electronic Signatures in Global and National Commerce Act, ("E-Sign Act"), 15 U.S.C. §§ 7001 et seq.; and (3) clearly and prominently disclose that engaging in acts or practices prohibited by this Order will result in immediate termination of any affiliate program and forfeiture of all monies received or owed;

C.   Establish, implement, and maintain an Internet-based mechanism, including, but not limited to, e-mail for: (1) consumers to report complaints to the defendants regarding the practices of any affiliate program participant; (2) the defendants to associate, correctly, each such complaint with the affiliate that is the subject of the complaint; (3) the defendants to receive and respond to such complaints, whether received directly or indirectly, in a timely manner.  The defendants shall clearly and prominently disclose the existence of such reporting mechanism on their websites;

D.   Promptly and completely investigate any complaints that the defendants receive through Paragraph **VIII.C** or any other source to determine whether any such participant is engaging in acts or practices prohibited by this Order; and

E.   Terminate, immediately, any participant in any affiliate program that the defendants reasonably conclude has engaged in or is engaging in acts or practices prohibited by this Order and cease payments to any such person.

Provided, however, that this Paragraph does not authorize or require the

1  defendants to take any action that violates any federal, state, or local law.

2  **COMPLIANCE REPORTING BY DEFENDANT**

3  **IX.**

4  **IT IS FURTHER ORDERED** that, in order that compliance with the

5  provisions of this Order may be monitored:

6  A.  For a period of four (4) years from the date of entry of this Order,

7        1.  Each individual defendant, Lida Rohbani, Nima Hakimi, and

8              Baback (Babak) Hakimi, shall notify the Commission of the

9              following:

10             a.  Any changes in residence, mailing addresses, and

11                   telephone numbers of the individual defendant, within

12                   ten (10) days of the date of such change;

13             b.  Any changes in employment status (including

14                   self-employment) of the individual defendant, and any

15                   change in the ownership of the individual defendant in

16                   any business entity, within ten (10) days of the date of

17                   such change.  Such notice shall include the name and

18                   address of each business that the individual defendant is

19                   affiliated with, employed by, creates or forms, or

20                   performs services for; a statement of the nature of the

21                   business; and a statement of the individual defendant's

22                   duties and responsibilities in connection with the

23                   business or employment; and

24             c.  Any changes in the individual defendant's name or use

25                   of any aliases or fictitious names; and

26       2.  Defendants Enternet Media, Inc., Conspy & Co., Inc., Lida

27             Rohbani, Nima Hakimi, and Baback (Babak) Hakimi shall

28             notify the Commission of any changes in

corporate structure of Enternet Media, Inc., and
Conspy & Co., Inc., or any business entity that an individual
defendant directly or indirectly controls, or has an ownership
interest in, that may affect compliance obligations arising under
this Order, including but not limited to a dissolution,
assignment, sale, merger, or other action that would result in
the emergence of a successor entity; the creation or dissolution
of a subsidiary, parent, or affiliate that engages in any acts or
practices subject to this Order; the filing of a bankruptcy
petition; or a change in the corporate name or address, at least
thirty (30) days prior to such change, *provided* that, with
respect to any proposed change in the corporation about which
the defendant(s) learns less than thirty (30) days prior to the
date such action is to take place, defendant(s) shall notify the
Commission as soon as is practicable after obtaining such
knowledge.

B.    One hundred eighty (180) days after the date of entry of this Order,
the defendants Enternet Media, Inc., Conspy & Co., Inc., Lida
Rohbani, Nima Hakimi, and Baback (Babak) Hakimi each shall
provide a written report to the FTC, sworn to under penalty of
perjury, setting forth in detail the manner and form in which they
have complied and are complying with this Order.  This report shall
include, but not be limited to:

1.    For each individual defendant:

a.    The then-current residence address, mailing addresses,
and telephone numbers of the individual defendant;

b.    The then-current employment and business addresses
and telephone numbers of the individual defendant, a

Page 18 of 23

description of the business activities of each such
employer or business, and the title and responsibilities of
the individual defendant for each such employer or
business; and

    c.    Any other changes required to be reported under
subparagraph A of this Section.

    2.    For all the defendants:

    a.    A copy of each acknowledgment of receipt of this Order
obtained by each defendant pursuant to **Paragraphs
VIII and XII** of this Order; and

    b.    Any other changes required to be reported under
subparagraph A of this Section.

C.    For the purposes of this Order, the defendants shall, unless otherwise
directed by the Commission's authorized representatives, mail all
written notifications to the Commission to:

Associate Director for the Division of Enforcement
Federal Trade Commission
601 New Jersey Avenue, NW
Washington, DC 20580
Re: FTC v. Enternet Media, Inc., et al. Civil Action No. 05-7777

D.    For purposes of the compliance reporting and monitoring required by
this Order, the Commission is authorized to communicate directly
with the defendants.

## RECORD KEEPING PROVISIONS

## X.

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the
date of entry of this Order, defendants Enternet Media, Inc., Conspy & Co., Inc.,
Lida Rohbani, Nima Hakimi, and Baback (Babak) Hakimi, for any business that
the defendant(s) directly or indirectly controls, or in which the defendant(s) has a
majority ownership interest, in which the business is directly or indirectly engaged

1   in the business of advertising, promoting, marketing, offering for sale or license,

2   or selling or licensing any product or service via the Internet, and their agents,

3   employees, officers, corporations, successors, and assigns, and those persons in

4   active concert or participation with them who receive actual notice of this Order

5   by personal service or otherwise, are hereby restrained and enjoined from failing

6   to create and retain the following records:

7       A.    Accounting records that reflect the cost of goods or services sold,

8               revenues generated, and the disbursement of such revenues;

9       B.    Personnel records accurately reflecting:  the name, address, and

10             telephone number of each person employed in any capacity by such

11             business, including as an independent contractor; that person's job

12             title or position; the date upon which the person commenced work;

13             and the date and reason for the person's termination, if applicable;

14       C.    Customer files containing the names, addresses, phone numbers,

15             dollar amounts paid, quantity of items or services purchased, and

16             description of items or services purchased, to the extent such

17             information is obtained in the ordinary course of business;

18       D.    Complaints and refund requests (whether received directly, indirectly

19             or through any third party) and any responses to those complaints or

20             requests;

21       E.    Copies of all advertisements or other marketing materials, including

22             but not limited to websites, instant messages, e-mail messages,

23             Internet web-based html "pop up" advertisements, and Internet banner

24             advertisements; and

25       F.    All records and documents necessary to demonstrate full compliance

26             with each provision of this Order, including but not limited to, copies

27             of acknowledgments of receipt of this Order, required by **Paragraphs**

28             **VIII and XII,** and all reports submitted to the FTC pursuant to

**Paragraphs IX and X of this Order.**

**DISTRIBUTION OF ORDER BY DEFENDANTS**

**XI.**

    **IT IS FURTHER ORDERED** that, for a period of four (4) years from the date of entry of this Order, the defendants shall deliver copies of the Order as directed below:

    A.    Corporate Defendants:  Defendant Enternet Media, Inc. and Conspy & Co., Inc. must deliver a copy of this Order to all of its employees, agents, affiliates, sub-affiliates, and representatives who engage in conduct related to the subject matter of this Order.  For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant.  For new personnel, delivery shall occur prior to the new personnel assuming their responsibilities.

    B.    Individual Defendant as Control Person:  For any business that defendant Lida Rohbani, Nima Hakimi, or Baback (Babak) Hakimi directly or indirectly controls, or in which the individual defendant has a majority ownership interest, the individual defendant must deliver a copy of this Order to all principals, officers, directors, and managers of that business.  The individual defendant must also deliver copies of this Order to all employees, agents, affiliates, sub-affiliates, and representatives of that business who engage in conduct related to the subject matter of this Order.  For current personnel, delivery shall be made within five (5) days' of service of this Order upon the defendants.  For new personnel, delivery shall occur prior to the new personnel assuming their responsibilities.

    C.    Individual Defendant as Employee or Non-Control Person:  For any business where the individual defendants are not a controlling person of the business but otherwise engages in conduct that is related to the

subject matter of this Order, the individual defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.   Defendants Enternet Media, Inc., Conspy & Co., Inc., Lida Rohbani, Nima Hakimi, and Baback (Babak) Hakimi must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Part.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS
## XII.

**IT IS FURTHER ORDERED** that each of the defendants, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## RETENTION OF JURISDICTION
## XIII.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED,** this _22d_ day of _August_, 2006, at Los Angeles, California.

_Christina A. Snyder_

The Honorable Christine A. Snyder
United States District Judge
Central District of California

Stipulated and agreed to by:

_Lida Rohbani_
Lida Rohbani, Defendant

Dated: _6-8-06_

1

Nima Hakimi, Defendant                              Dated: 6-8-06

2

3

Babaek (Babak) Hakimi, Defendant                    Dated: 6-8-06

4

5

Enternet Media, Inc., Defendant                     Dated: 6-8-06

6

Conspy & Co., Inc., Defendant                       Dated: 6-8-06

7

8

Anthony Dain                                        Dated: 6/21/06

9   Attorney for Defendants Enternet
    Media, Inc., Conspy & Co., Inc,
10  Lida Rohbani, Nima Hakimi, and
    Baback (Babak) Hakimi

11

12
                                                    Dated: 8/17/06
    Mona Sedky Spivack (DC #447968)
13  Attorney for Plaintiff
    Federal Trade Commission

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28