

1  WILLIAM BLUMENTHAL
   General Counsel
2  Mona Sedky Spivack, DC #447968
   Colleen B. Robbins, NY #2882710
3  J. Ronald Brooke, Jr., MD #0202280002
   Federal Trade Commission
4  600 Pennsylvania Ave., NW, Room 238
   Washington, DC. 20580
5  (202) 326-3795, -2548, -3484
   (202) 326-3395 *facsimile*
6  Attorneys for Plaintiff

7  Augustus L Ross, III, Esq.
   1614 US Route 35 East
8  Eaton, OH 45320-2260
   (937) 472-0193
9  Attorneys for Defendant
   Nicholas C. Albert

10

11            UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA

12  FEDERAL TRADE COMMISSION,

13                  Plaintiff,            CIVIL NO. CV 05-7777 CAS
                                          AJWx
14          v.

15  Enternet Media, Inc., Conspy & Co.,  Stipulated Final Order for
    Inc., Lida Rohbani, Nima Hakimi,     Permanent Injunction and
16  Baback (Babak) Hakimi, Nicholas C.   Monetary Judgment As To
    Albert                               Defendant Nicholas C. Albert

17                  Defendants.

18

19

20

21     Plaintiff, the Federal Trade Commission ("FTC" or the "Commission"), filed its

22  complaint against defendants Enternet Media, Inc.; Conspy & Co., Inc.; Lida

23  Rohbani, individually and as an officer of Enternet Media, Inc. and Conspy & Co.,

24  Inc.; Nima Hakimi, individually and as an officer of Enternet Media, Inc. and

25  Conspy & Co., Inc.; Baback (Babak) Hakimi, individually, doing business as

26  Networld One, and as an officer of Enternet Media, Inc. and Conspy & Co., Inc.;

27  and Nicholas C. Albert for injunctive and other equitable relief in this matter

28  pursuant to Sections 5 and 13(b) of the Federal Trade Commission Act ("FTC

1  Act"), 15 U.S.C. §§ 45(a), 53(b), on November 1, 2005.  The Court ordered *ex*

2  *parte* Temporary Restraining Orders on November 1 and 2nd, 2005, and a

3  Preliminary Injunction was entered on November 30, 2005.  The Commission and

4  defendant Nicholas C. Albert ("defendant"), by and through their counsel, hereby

5  stipulate to the entry of, and request the Court to enter, this Stipulated Final Order

6  for Permanent Injunction and Monetary Judgment as to Defendant Nicholas C.

7  Albert ("Order"), to resolve all matters of dispute between them in this action.

8  **IT IS THEREFORE STIPULATED, AGREED, AND ORDERED** as

9  follows:

10    1.  This Court has jurisdiction over the subject matter of this case, and it

11        has jurisdiction of all parties hereto pursuant to 15 U.S.C. §§ 45(a),

12        53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345;

13    2.  Venue is proper as to all parties in the Central District of California

14        pursuant to 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c);

15    3.  The defendant's activities are in or affecting "commerce" as that term is

16        defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

17    4.  The facts that the FTC has stated in its complaint, if true, would state a

18        claim upon which relief may be granted under Sections 5(a) and 13(b) of

19        the FTC Act, 15 U.S.C. §§ 45(a) and 53(b);

20    5.  The defendant has entered into this Order freely and without coercion,

21        and the defendant acknowledges that he has read the provisions of this

22        Order and is prepared to abide by them;

23    6.  The undersigned, individually and by and through their counsel, have

24        agreed that the entry of this Order resolves all matters of dispute

25        between them arising from the Complaint in this action, up to the date of

26        entry of this Order.  This Order, however, shall have no preclusive effect

27        as to any action brought by any other state or federal law enforcement

28        agency;

7. The defendant waives all rights to seek appellate review or otherwise challenge or contest the validity of this Order.  The defendant further waives and releases any claim he may have against the Commission, its employees, representatives, or agents;

8. The defendant agrees that this Order does not entitle the defendant to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996), and the defendant further waives any rights to attorneys' fees that may arise under said provision of law;

9. This order is remedial in nature and no portion of any payments paid herein shall be deemed or construed as payment of a fine, damages, penalty or punitive assessment; and

10. Entry of this Order is in the public interest.

## ORDER

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

A. **"Assets"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property of the defendant, or held for the benefit of the defendant, wherever located, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), cash, and trusts, including but not limited to any other trust held for the benefit of the defendant, the defendant's minor children, or the defendant's spouse.

B. **"Bar," "Frame" or "Window"** means an enclosed area on a computer's computer screen, usually rectangular in shape.

C. **"Defendant"** means Nicholas C. Albert and his successors and assigns.

D. **"Dialer program"** means any computer program that causes a computer's modem to make telephone calls or access services.

E. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in the Federal Rules of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated. A draft or non-identical copy is a separate document within the meaning of the term.

F. **"Plaintiff"** means the Federal Trade Commission.

## CONDUCT PROHIBITIONS

## I.

**IT IS THEREFORE ORDERED** that, in connection with marketing, publishing, or distributing any type of software code, file, or content, or assisting and facilitating others in marketing, publishing, or distributing any type of software code, file, or content, the defendant, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from directly or indirectly making, expressly or by implication, any material false or misleading representation or omission, including but not limited to, any representation or omission:

A.   regarding the nature or effect of the software code, file, or content, such as any representation that it is innocuous software code, file, or content, such as an Internet browser upgrade or other computer security software, music, song lyric, or cell phone ring tone;

B.   regarding the performance, benefits, efficacy, or features of the software code, file, or content;

C.   regarding the actual cost, or "free" nature, associated with the software code, file, or content; or

D.   failing to disclose that any other software code, file, or content, of any kind, is bundled with the software code, file, or content.

## II.

**IT IS FURTHER ORDERED** that, in connection with marketing, publishing, or distributing any software code, file, or content, or assisting and facilitating others in marketing or distributing any software code, file, or content, the defendant, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from, directly or indirectly, publishing, disseminating, distributing, installing, or downloading any software code, file, or content that interferes with a consumer's computer use, including but not limited to any software code, file, or content that:

A.   tracks consumers' Internet activity or collects other personal information;

B.   changes consumers' preferred Internet homepage or other browser settings;

C.   inserts a new toolbar onto consumers' Internet browsers;

D.   inserts a new bar, frame or window onto consumers' browser windows that in turn displays advertisements;

E.   displays numerous "pop up" advertisements on consumers' computer

1          screens during a single computer session, even when consumers'

2          Internet browsers are closed;

3    F.      installs a dialer program on consumers' computers;

4    G.     changes a user's "error" page or DNS page;

5    H.     inserts advertising hyperlinks into third-party webpages; or

6    I.      installs other advertising software code, file, or content on

7          consumers' computers.

8 **III.**

9    **IT IS FURTHER ORDERED** that, in connection with marketing,

10 publishing, or distributing any software code, file, or content, the defendant and

11 those persons in active concert or participation with him who receive actual notice

12 of this Order by personal service or otherwise, are permanently restrained and

13 enjoined from providing others with the means and instrumentalities with which to

14 do the following:

15    A.     to make, directly or indirectly, expressly or by implication, any

16          material false or misleading representation, including but not limited

17          to any representation:

18       1.     regarding the nature or effect of the software code, file, or

19          content, such as any representation that it is innocuous software

20          code, file, or content, such as an Internet browser upgrade or

21          other computer security software, music, song lyric, or cell

22          phone ring tone;

23       2.     regarding the performance, benefits, efficacy, or features of the

24          software code, file, or content; or

25       3.     regarding the actual cost, or "free" nature, associated with the

26          software code, file, or content.

27    B.     to publish, disseminate, distribute, install, or download any software

28          code, file, or content that interferes with consumers' computer use,

including but not limited to any software code, file, or content that:

1. tracks consumers' Internet activity or collects other personal information;
2. changes consumers' preferred Internet homepage or other browser settings;
3. inserts a new toolbar onto consumers' Internet browsers;
4. inserts a large side "frame" or "window" onto consumers' browser windows that in turn displays advertisements;
5. displays numerous "pop up" advertisements on consumers' computer screens during a single computer session, even when consumers' Internet browsers are closed;
6. installs a dialer program on consumers' computers;
7. changes a user's "error" page or DNS pages;
8. inserts advertising hyperlinks into third-party webpages; or
9. installs other advertising software code, file, or content on consumers' computers.

## IV.

**IT IS FURTHER ORDERED** that, in connection with distributing or advertising, promoting, marketing, offering for sale or license, or selling or licensing, any product or service, the defendant, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from making, or assisting others in making, directly or indirectly, expressly or by implication, any material false or misleading representation.

## MONETARY JUDGMENT

## V.

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of $3,300.00 (three thousand, three hundred

dollars) is hereby entered against the defendant. This amount represents the defendant's gross revenues from the conduct that the FTC alleges violated the FTC Act. Prior to or concurrently with the execution of this Order, the defendant shall cause that amount to be transferred to an interest-bearing escrow account and/or interest-bearing trust account. The sole signatory on the account shall be Augustus Ross, the Escrow Agent, who shall hold the entire sum for no purpose other than payment to the Commission upon entry of this Order by the Court.

B.   This amount shall be paid to the Federal Trade Commission within five (5) days after the date of entry of this Order by wire transfer in accord with directions provided by the Commission.

C.   All funds paid pursuant to the Order shall be deposited into an account administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of such equitable relief. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the defendant's practices alleged in the complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. The defendant shall have no right to challenge the Commission's choice of remedies under this Paragraph. The defendant shall have no right to contest the manner of distribution chosen by the Commission.

D.   The defendant relinquishes all dominion, control and title to the funds paid into the account established pursuant to this Order, and all legal

1    and equitable title to funds shall vest in the Treasurer of the United

2    States unless and until such funds are disbursed to consumers. The

3    defendant shall make no claim to or demand for the return of funds,

4    directly or indirectly, through counsel or otherwise; and in the event

5    of bankruptcy, the defendant acknowledges that the funds are not part

6    of the debtor's estate, nor does the estate have any claim or interest

7    therein.

8   E.   The defendant agrees that the facts as alleged in the Complaint filed

9    in this action shall be taken as true for the purpose of a

10    nondischargeability complaint in any bankruptcy proceeding.

11   F.   Proceedings instituted under this Paragraph are in addition to, and not

12    in lieu of, any other civil or criminal remedies that may be provided

13    by law, including any other proceedings the Commission may initiate

14    to enforce this Order.

15           **COMPLIANCE MONITORING**

16                 **VI.**

17    **IT IS FURTHER ORDERED** that, for purposes of monitoring and

18   investigating compliance with any provision of this Order,

19   A.   Within ten (10) days of receipt of written notice from a representative

20    of the Commission, the defendant shall submit additional written

21    reports, sworn to under penalty of perjury; produce documents for

22    inspection and copying; appear for deposition; and/or provide entry

23    during normal business hours to any business location in such

24    defendant's possession or direct or indirect control to inspect the

25    business operation;

26   B.   In addition, the Commission is authorized to monitor compliance with

27    this Order by all other lawful means, including but not limited to the

28    following:

1         1.    obtaining discovery from any person, without further leave of

2                court, using the procedures prescribed by Fed. R. Civ. P. 30,

3                31, 33, 34, 36, and 45;

4         2.    posing as consumers and suppliers to defendant's employees,

5                or any other entity managed or controlled in whole or in part by

6                the defendant, without the necessity of identification or prior

7                notice; and

8   C.    Defendant shall permit representatives of the Commission to

9          interview any employer, consultant, independent contractor,

10         representative, agent, or employee who has agreed to such an

11         interview, relating in any way to any conduct subject to this Order.

12         The person interviewed may have counsel present.

13      *Provided, however,* that nothing in this Order shall limit the Commission's

14 lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act,

15 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things,

16 testimony, or information relevant to unfair or deceptive acts or practices in or

17 affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

18                      **MONITORING BY DEFENDANT**

19                                **VII.**

20      **IT IS FURTHER ORDERED** that, for a period of eight (8) years from the

21 date of entry of this Order, the defendant and his agents, directors, employees,

22 salespersons, independent contractors, subsidiaries, affiliates, successors, assigns,

23 and all other persons in active concert or participation with any of them who

24 receive actual notice of this Order by personal service or otherwise, in connection

25 with the advertising, promotion, marketing, offering for sale, sale, or provision of

26 any goods or services on or through the Internet, the World Wide Web, or any web

27 page or web site, are hereby permanently restrained and enjoined from failing to:

28       A.    Obtain contact information from any prospective participant in any

affiliate program.  In the case of a natural person, defendant shall obtain the prospective participant's first and last name, physical address, country, telephone number, e-mail address, date of birth, and complete bank account information as to where payments are to be made.  In the case of other business entities, the defendant shall obtain the first and last name, physical address, country, telephone number, e-mail address, date of birth for the natural person who owns, manages, or controls the prospective participant, and complete bank account information as to where payments are to be made.

B.  Prior to any such prospective participant's acceptance into any affiliate program, (1) provide each such person a copy of this Order; (2) obtain from each such person a signed and dated statement acknowledging receipt of this Order and expressly agreeing to comply with this Order.  Any electronic signature requirements of the Electronic Signatures in Global and National Commerce Act, ("E-Sign Act"), 15 U.S.C. §§ 7001 et seq.; and (3) clearly and prominently disclose that engaging in acts or practices prohibited by this Order will result in immediate termination of any affiliate program participant and forfeiture of all monies received or owed;

C.  Establish, implement, and thereafter maintain an Internet-based mechanism, including, but not limited to, e-mail for: (1) consumers to report complaints to the defendant regarding the practices of any affiliate program participant; (2) the defendant to associate, correctly, each such complaint with the affiliate that is the subject of the complaint; and (3) the defendant to receive and respond to such complaints, whether received directly or indirectly, in a timely manner.  The defendant shall clearly and prominently disclose the existence of such reporting mechanism on his web sites;

1    D.    Promptly and completely investigate any complaints that the

2          defendant receives through Paragraph **VII.C** or any other source to

3          determine whether any such participant is engaging in acts or

4          practices prohibited by this Order; and

5    E.    Terminate, immediately, any participant in any affiliate program that

6          the defendant reasonably concludes has engaged in or is engaging in

7          acts or practices prohibited by this Order and cease payments to any

8          such person.

9    Provided, however, that this Paragraph does not authorize or require the

10   defendant to take any action that violates any federal, state, or local law.

11                          **MONITORING BY DEFENDANT**

12                 **(Participation in the Affiliate Programs of Others)**

13                                      **VIII.**

14   **IT IS FURTHER ORDERED** that, for a period of eight (8) years from the

15   date of entry of this Order, the defendant and his agents, directors, employees,

16   salespersons, independent contractors, subsidiaries, affiliates, successors, assigns,

17   and all other persons in active concert or participation with any of them who

18   receive actual notice of this Order by personal service or otherwise, in connection

19   with participation in any third-party affiliate program involving advertising,

20   promotion, marketing, offering for sale, sale, or provision of any goods or services

21   on or through the Internet, the World Wide Web, or any web page or web site, are

22   hereby permanently restrained and enjoined from failing to:

23   A.    Obtain contact information from any prospective affiliate program in

24         which the defendant may participate.  In all cases, the defendant shall

25         obtain the first and last name, physical address, country, telephone

26         number, and e-mail address for the natural person who owns,

27         manages, or controls the prospective affiliate program.

28   B.    Establish, implement, and thereafter maintain a process by which the

1    defendant regularly reviews the marketing materials of any affiliate

2    program that the defendant is displaying to consumers to ensure that

3    the affiliate program is not engaging in acts or practices prohibited by

4    this Order.

5    C.    Establish, implement, and thereafter maintain an Internet-based

6          mechanism, including, but not limited to, e-mail for: (1) consumers to

7          report complaints to the defendant regarding the practices of any

8          affiliate program in which the defendant participates; (2) the

9          defendant to associate, correctly, each such complaint with the

10         affiliate program that is the subject of the complaint; and (3) the

11         defendant to receive and respond to such complaints, whether

12         received directly or indirectly, in a timely manner.  The defendant

13         shall clearly and prominently disclose the existence of such reporting

14         mechanism on his web sites;

15   D.    Promptly and completely investigate any complaints that the

16         defendant receives through Paragraph **VIII.C** or any other source to

17         determine whether any such affiliate program is engaging in acts or

18         practices prohibited by this Order; and

19   E.    Terminate, immediately, participation in any affiliate program that the

20         defendant reasonably concludes has engaged in or is engaging in acts

21         or practices prohibited by this Order and cease collecting payments

22         from any such program.

23   Provided, however, that this Paragraph does not authorize or require the

24   defendant to take any action that violates any federal, state, or local law.

25                  **COMPLIANCE REPORTING BY DEFENDANT**

26                                    **IX.**

27        **IT IS FURTHER ORDERED** that, in order that compliance with the

28   provisions of this Order may be monitored:

**A.**     For a period of four (4) years from the date of entry of this Order,

1.     The defendant, Nicholas C. Albert, shall notify the Commission of the following:

a.     Any changes in residence, mailing addresses, and telephone numbers of the defendant, within ten (10) days of the date of such change;

b.     Any changes in employment status (including self-employment) of the defendant, and any change in the ownership of the defendant in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that the defendant is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of the defendant's duties and responsibilities in connection with the business or employment;

c.     The defendant's participation in any third-party affiliate program involving advertising, promotion, marketing, offering for sale, sale, or provision of any goods or services on or through the Internet, the World Wide Web, or any web page or web site; and

d.     Any changes in the defendant's name or use of any aliases or fictitious names; and

2.     Defendant shall notify the Commission of any business entity that the defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that

1        would result in the emergence of a successor entity; the

2        creation or dissolution of a subsidiary, parent, or affiliate that

3        engages in any acts or practices subject to this Order; the filing

4        of a bankruptcy petition; or a change in the corporate name or

5        address, at least thirty (30) days prior to such change, *provided*

6        that, with respect to any proposed change in the corporation

7        about which the defendant(s) learns less than thirty (30) days

8        prior to the date such action is to take place, defendant shall

9        notify the Commission as soon as is practicable after obtaining

10       such knowledge.

11  B.    One hundred eighty (180) days after the date of entry of this Order,

12        the defendant shall provide a written report to the FTC, sworn to

13        under penalty of perjury, setting forth in detail the manner and form

14        in which he has complied and is complying with this Order.  This

15        report shall include, but not be limited to:

16    1.    The then-current residence address, mailing addresses, and

17        telephone numbers of the defendant;

18    2.    The then-current employment and business addresses and

19        telephone numbers of the defendant, a description of the

20        business activities of each such employer or business, and the

21        title and responsibilities of the defendant for each such

22        employer or business;

23    3.    The then-current list of affiliate programs that the defendant

24        operates or participates in;

25    4.    Any other changes required to be reported under subparagraph

26        A of this Section; and

27    5.    A copy of each acknowledgment of receipt of this Order

28        obtained by the defendant pursuant to **Paragraphs VII and XI**

1          of this Order.

2   C.     For the purposes of this Order, the defendant shall, unless otherwise

3         directed by the Commission's authorized representatives, mail all

4         written notifications to the Commission to:

5         Associate Director for the Division of Enforcement
          Federal Trade Commission
6         601 New Jersey Avenue, NW
          Washington, DC 20580
7         Re: FTC v. Enternet Media, Inc., et al. Civil Action No. 05-7777

8   D.     For purposes of the compliance reporting and monitoring required by

9         this Order, the Commission is authorized to communicate directly

10        with the defendant.

11                **RECORD KEEPING PROVISIONS**

12                         **X.**

13      **IT IS FURTHER ORDERED** that, for a period of eight (8) years from the

14 date of entry of this Order, the defendant, for any business that the defendant

15 directly or indirectly controls, or in which the defendant has a majority ownership

16 interest, in which the business is directly or indirectly engaged in the business of

17 advertising, promoting, marketing, offering for sale or license, or selling or

18 licensing any product or service via the Internet, and their agents, employees,

19 officers, corporations, successors, and assigns, and those persons in active concert

20 or participation with them who receive actual notice of this Order by personal

21 service or otherwise, are hereby restrained and enjoined from failing to create and

22 retain the following records:

23   A.     Accounting records that reflect the cost of goods or services sold,

24         revenues generated, and the disbursement of such revenues;

25   B.     Personnel records accurately reflecting: the name, address, and

26         telephone number of each person employed in any capacity by such

27         business, including as an independent contractor; that person's job

28         title or position; the date upon which the person commenced work;

1         and the date and reason for the person's termination, if applicable;

2   C.     Customer files containing the names, addresses, phone numbers,

3         dollar amounts paid, quantity of items or services purchased, and

4         description of items or services purchased, to the extent such

5         information is obtained in the ordinary course of business;

6   D.     Complaints and refund requests (whether received directly, indirectly

7         or through any third party) and any responses to those complaints or

8         requests;

9   E.     Copies of all advertisements or other marketing materials, including

10        but not limited to web sites, instant messages, e-mail messages,

11        Internet web-based html "pop up" advertisements, and Internet banner

12        advertisements; and

13   F.     All records and documents necessary to demonstrate full compliance

14        with each provision of this Order, including but not limited to, copies

15        of acknowledgments of receipt of this Order, required by **Paragraphs**

16        **VII and XI,** and all reports submitted to the FTC pursuant to

17        **Paragraphs IX and X** of this Order.

18            **DISTRIBUTION OF ORDER BY DEFENDANT**

19                       **XI.**

20     **IT IS FURTHER ORDERED** that, for a period of four (4) years from the

21 date of entry of this Order, the defendant shall deliver copies of the Order as

22 directed below:

23   A.     Defendant as Control Person:  For any business that the defendant

24        directly or indirectly controls, or in which the defendant has a

25        majority ownership interest, the defendant must deliver a copy of this

26        Order to all principals, officers, directors, and managers of that

27        business.  The defendant must also deliver copies of this Order to all

28        employees, agents, affiliates, sub-affiliates, and representatives of that

business who engage in conduct related to the subject matter of this Order. For current personnel, delivery shall be made within five (5) days of service of this Order upon the defendants. For new personnel, delivery shall occur prior to the new personnel assuming their responsibilities.

B.   Defendant as Employee or Non-Control Person: For any business where the defendant is not a controlling person of the business but otherwise engages in conduct that is related to the subject matter of this Order, the defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

C.   Defendant must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Part.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

## XII.

**IT IS FURTHER ORDERED** that the defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## RETENTION OF JURISDICTION

## XIII.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED,** this ___11^th___ day of ___December___ , 2006, at Los Angeles, California.

_Christina A. Snyder_
The Honorable Christine A. Snyder
United States District Judge
United States District Court
Central District of California

Stipulated and agreed to by:

_Nicholas C. Albert_                                    Dated: ___9-15-06___
Nicholas C. Albert, Defendant

_Augustus L Ross IV_                                   Dated: ___9-18-06___
Augustus L Ross, III, Esq.
Attorney for Defendant
Nicholas C. Albert

_Colleen B. Robbins_                                   Dated: ___12/7/06___
Mona Sedky Spivack (DC #447968)
Colleen B. Robbins (NY #2882710)
J. Ronald Brooke, Jr. (MD #0202280002)
Attorneys for Plaintiff
Federal Trade Commission

WILLIAM BLUMENTHAL
General Counsel

Mona Sedky Spivack, DC #447968
Colleen B. Robbins, NY #2882710
J. Ronald Brooke, Jr., MD #0202280002
Federal Trade Commission
600 Pennsylvania Ave., NW, Room 238
Washington, D.C. 20580
(202) 326-3795 (Spivack)
(202) 326-2548 (Robbins)
(202) 326-3484 (Brooke)
(202) 326-3395 *facsimile*
mspivack@ftc.gov
crobbins@ftc.gov
jbrooke@ftc.gov

Local Counsel
Jennifer Brennan, Cal. Bar. # 225473
Federal Trade Commission, Western Region
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
(310) 824-4343; (310) 824-4380 *facsimile*
jmbrennan@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br><br>v.<br><br>Enternet Media, Inc., et al.,<br><br>Defendants. | CIVIL NO. CV 05-7777 CAS AJXx<br><br>**PROOF OF SERVICE**<br>**STIPULATED FINAL ORDER**<br>**AS TO DEFENDANT**<br>**NICHOLAS C. ALBERT** |

## PROOF OF SERVICE

I, Colleen B. Robbins, am over 18 years old and am one of the attorneys

representing Plaintiff, Federal Trade Commission ("FTC" or "Commission"), an

agency of the United States government, in this action against defendants Enternet

Media, Inc., Conspy & Co., Inc., Lida Rohbani, individually and as an officer of

Enternet Media, Inc. and Conspy & Co., Inc., Baback (Babak) Hakimi,

individually, doing business as Networld One, and as an officer of Enternet Media, Inc., and Conspy & Co., Inc., Nima Hakimi, individually and as an officer of Enternet Media, Inc. and Conspy & Co., Inc ("Enternet Media defendants"), and Nicholas C. Albert, individually and doing business as Iwebtunes and www.iwebtunes.com ("defendant Albert"). My business address is FTC, 600 Pennsylvania Ave., N.W., Room H-292, Washington, D.C. 20580. On December 7, 2006, I served the within document:

**STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANT NICHOLAS C. ALBERT**

☐ By transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date before 6:00 p.m. EST.

X By placing the document(s) listed above in a sealed overnight envelope and depositing it for overnight delivery via FTC's Federal Express Drop Off box at the FTC's Headquarters in Washington, DC, addressed as set forth below.

| Anthony J. Dain<br>Frederick Taylor<br>Lisel M. Ferguson<br>Procopio, Cory, Hargreaves &<br>Savitch LLP<br>530 B Street, Suite 2100<br>San Diego, CA 92101<br>Telephone: 619.238.1900<br>ajd@procopio.com<br>fkt@procopio.com<br>LMF@procopio.com | Augustus L Ross, III, Esq.<br>1614 US Route 35 East<br>Eaton, OH 45320-2260<br>Telephone: 937.472.0193<br>gusross@msn.com |
|---|---|
| Attorneys for Defendants Enternet Media, Inc., Conspy & Co., Inc., Lida Rohbani, Nima Hakimi, and Baback Hakimi | Attorney for Defendant Nicholas C. Albert |

I declare under the penalty of perjury that the above is true and correct.

Executed on December 7, 2006.

Colleen B. Robbins